# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RUTH A. BATES and MICHAEL D. BATES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:12-CV-00318-NKL ) ) |
| DEUTSCHE BANK NATIONAL TRUST CO., as Trustee for Argent Securities, Inc., | ) ) ) |
| Defendant. | ) ) |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Michael and Ruth Bates ("Plaintiffs") and Defendant Deutsche Bank National Trust Company, solely in its capacity as trustee for Argent Securities Asset-Backed Pass-Through Certificates, Series 2006-W5 ("Defendant," and, with Plaintiffs, a "Party" or "Parties"), hereby stipulate and agree, through their respective attorneys of record, as follows:

1. This Protective Order applies only to documents with Bates numbers DBNTC 000445 – DBNTC 000446.

2. The following definitions shall apply to this Stipulation and Protective Order ("Order"):

    a. "Document(s)" shall mean the documents to be produced by Defendant, as identified by Bates numbers DBNTC 000445 – DBNTC 000446 and designated as confidential with the following confidentiality legend (the "Confidentiality Legend"):

WA 4575479.1

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER
Bates v. Deutsche Bank National Trust Co.
W.D.Mo. Case No.: 4:12-CV-00318-NKL.

      b.    "Confidential Information" shall mean all Documents or portions thereof that contain the information described in the following paragraphs and that bear the Confidentiality Legend, or that have otherwise been designated in a way that brings the confidential nature of the document to the attention of a reasonable examiner, thereby signifying that it contains information believed to be confidential.

      (1)    information of any of the following types, if that information has been kept confidential and has not been disclosed without reasonable assurances of confidentiality:

      (a)    Any competitively sensitive, trade secret, or otherwise proprietary information;

      (b)    Any information of a personal or intimate nature regarding any individual; or

      (c)    Any other category of information hereinafter given "Confidential" status by agreement of the Parties or by order of the Court.

      c.    "Copies" shall mean any photocopies, reproductions, duplicates, extracts, summaries, or descriptions of a Document.

      d.    "Final Conclusion of this Litigation" shall mean the date thirty days following:

      (1)    the filing of a stipulated dismissal,

      (2)    the entry of a voluntary dismissal, or

WA 4575479.1

    (3)  the entry of a final, non-appealable order disposing of the case.

  3.  Any Party may obtain confidential treatment for testimony given in this action that relates to the Documents by designating, during the course of that testimony for which confidential treatment is desired, which testimony is claimed to be confidential. The reporter shall separately transcribe and bind the testimony so designated as confidential and shall mark the face of the separate bound transcript containing such confidential testimony with the Confidentiality Legend. Testimony may also be designated as confidential by written notice to the opposing Party (or for a third party making a designation, to both Parties) within fifteen (15) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are confidential. In the event of such designation by written notice, each Party shall attach a copy of such notice to the face of the transcript and each copy thereof in its possession or control. To facilitate such designation by written notice, all transcripts shall be afforded confidential treatment in their entirety for a period of fifteen (15) business days after a full and complete transcript is available.

  4.  The inadvertent failure to designate a document or any portion thereof as confidential in no way alters or waives the protected and confidential nature of the document or portion thereof. The Party discovering such inadvertent failure to designate a document or portion thereof as confidential shall, within fifteen (15) days of such

discovery, notify counsel for all other Parties in writing that the document or a specified portion thereof is to be designated as confidential under the terms of this Order.

5. Interrogatory answers; responses to requests for admission; responses to requests for production; deposition transcripts and exhibits; and pleadings, motions, affidavits, briefs, or other papers filed with the Court that quote, summarize, or contain the Documents entitled to confidential protection may be accorded status as Confidential Information but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from the portions of the Document not entitled to protection.

6. If Plaintiffs in good faith disagree with a confidentiality designation, Plaintiffs shall inform counsel for Defendant in writing of said disagreement. Upon Defendant's receipt of written notification, the Parties shall confer in an effort to resolve the dispute without Court intervention. If, after conferring, the Parties cannot resolve the dispute, any Party may move for a determination by the Court as to the appropriateness of the confidentiality designation. Each Document or portion thereof designated as confidential shall retain that designation and shall remain subject to the terms of this Order until such time, if ever, that the Court renders a decision that a particular Document or portion thereof is not confidential and subject to this Order and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

7. Counsel for any Party receiving Confidential Information shall use reasonable efforts to limit the disclosure of Confidential Information, including any

Copies thereof, to the minimum number of persons necessary to conduct this litigation. No Copies of Confidential Information shall be made except by the persons identified in subparagraphs 8(a)-(c) and (e), and only then for the purposes of providing working copies or for filing or lodging any papers in Court under seal. All Copies of Confidential Information shall immediately be affixed with the Confidentiality Legend if the Legend does not already appear on the Copy. All such Copies shall be afforded the full protection of this Order.

8. Except as otherwise provided herein, or with the prior written consent of the Defendant, Confidential Information may be disclosed by the Plaintiffs only to:

    a. counsel of record for the Plaintiffs in this action, provided that counsel is actively engaged in the conduct of this lawsuit, and to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this lawsuit;

    b. the Court and any employees thereof who are involved in this lawsuit (including court reporters, persons operating video-recording equipment at depositions, and any special master appointed by the Court);

    c. any person designated by the Court, in the interest of justice, upon such terms as the Court may deem proper;

    d. persons reasonably believed to be the author, recipient or source of Confidential Information, or officers, directors, employees or consultants (including expert witnesses) of the Defendant, subject to the conditions set forth in paragraph 10;

e. persons noticed for depositions or designated as trial witnesses or potential trial witnesses, including a Party's potential witnesses, but only to the extent reasonably necessary in preparing such witness to testify and subject to the conditions set forth in paragraph 10;

f. outside consultants or experts retained for the purpose of assisting counsel in this lawsuit, but only to the extent reasonably necessary for the consultant or expert to provide such assistance and subject to the conditions set forth in paragraph 10; and

g. employees or third-party contractors of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or in designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to perform such duties and subject to the conditions set forth in paragraph 10.

9. Before disclosing Confidential Information to any person listed in paragraphs 8(d) through (g) above, the Plaintiffs shall ensure that the individual to whom disclosure is to be made has been provided a copy of this Order and has executed the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement"). Counsel for Plaintiffs shall maintain a file of the signed Confidentiality Agreements it obtains pursuant to this Paragraph. Counsel for Defendant shall be entitled to request and receive confirmation that signed Confidentiality Agreements have been

obtained pursuant to this paragraph, but such confirmation shall not include a right to inspect the Confidentiality Agreements.

10. Persons obtaining access to Confidential Information under this Order shall use the information only for purposes of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including without limitation other business purposes or any governmental, commercial, administrative or judicial proceedings.

11. If Plaintiffs receive a formal or informal request or subpoena for Confidential Information, such that the Plaintiffs reasonably believe they are under an obligation to produce such Confidential Information to any person, entity, court, or governmental agency, the Plaintiffs shall give written notice, by hand delivery, email or facsimile transmission within forty-eight (48) hours of receipt of such formal or informal request or subpoena to the Defendant. Plaintiffs shall not produce the Confidential Information until ten days after giving such notice, unless required to do so by the subpoena, demand or other legal process, in which case, the Plaintiffs shall not produce the Confidential Information until within twenty-four hours of the latest time legally permissible. Should the person seeking access to the Confidential Information take action against the Plaintiffs or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the Plaintiffs shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the Plaintiffs or anyone else covered by this Order to challenge or appeal any order requiring production

of Confidential Information covered by this Order, or to subject themselves to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

12. Filings or submissions to the Court in the form of affidavits, memoranda, transcripts, exhibits or other papers that contain or make reference to Confidential Information, or any information contained in or derived from such material, shall be in sealed envelopes marked with the style of the action, the language "Confidential Under Protective Order entered _____ [date of this Protective Order], designated Confidential by _____ [name of Producing Party]," and a generic description of the item(s) filed. The Clerk of the Court shall not permit access to the contents of the envelope to anyone other than the Court or Counsel without prior written order of the Court.

13. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this lawsuit and, in the course thereof, relying generally on examination of Confidential Information, provided that, in rendering such advice and otherwise communicating with a client, counsel shall not make specific disclosure of any Confidential Information except pursuant to the provisions of this Order. Counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information and shall be obligated to maintain the confidentiality of such work product, even after the documents designated as confidential have been returned or destroyed pursuant to paragraph 15.

14. This Order shall remain in full force and effect in perpetuity, including after the Final Conclusion of this Litigation, unless modified, superseded, or terminated by written consent of the Parties or by order of the Court. Each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the Western District of Missouri, for the purpose of enforcement of the terms of this Order for as long as the Order remains in effect. The Court shall not be divested of the power to enforce the terms of this Order as to any persons subject to the Order by the final conclusion of this litigation or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction of this matter.

15. At the Final Conclusion of this Litigation, and subject to paragraph 16, all Confidential Information, and all Copies thereof, shall be returned to the attorneys for the Defendant. In the alternative, Plaintiffs may, upon the agreement of the Defendant, destroy such documents and confirm in writing that such destruction occurred. In addition, all summaries or other materials containing or disclosing Confidential Information contained in such documents, answers, transcripts or other things shall be destroyed at the conclusion of this litigation. This Order shall continue to be binding after the Final Conclusion of this Litigation.

16. Plaintiffs shall make a reasonable effort to retrieve any Confidential Information from any non-party to whom such information has been given, and shall notify the Defendant in writing of the failure to retrieve any such Documents. This notice shall (1) specifically identify the Confidential Information not returned, (2) identify the

person from whom the Confidential Information could not be retrieved, and (3) state the efforts made to retrieve such Confidential Information and the reasons why these efforts were unsuccessful. Failure of the Plaintiffs to retrieve Confidential Information pursuant to this paragraph shall not be considered a violation of this Order by the Plaintiffs.

17. The provisions of paragraph 15 are not applicable to any Confidential Information that became a part of the publicly available Court record in this proceeding. Moreover, the provisions of paragraph 15 are not applicable to attorney work product prepared by counsel for the Parties ("Work Product Material") that references, quotes, summarizes, or otherwise incorporates Confidential Information.

18. Nothing in this Order shall prevent any Party from seeking modification of this Order, including modification to include additional documents that are requested or required to be produced that deserve confidential treatment and/or Confidential Information, or from objecting to discovery that it believes to be otherwise improper. The Parties shall be given notice and an opportunity to be heard before the Court in any way modifies this Order or enters any other decision affecting the substance or effect of this Order.

19. Defendant may expressly waive in writing the applicability of any provision of this Order to any Document or portion thereof that the Defendant produces. Such waiver shall apply only to the Document or portion thereof to which the applicability of the specified provision of this Order is expressly waived.

10

WA 4575479.1

Case 4:12-cv-00318-NKL   Document 48   Filed 10/08/13   Page 10 of 15

20. Any material violation of this Order by the Plaintiffs or any person to whom Confidential Information is disclosed pursuant to the terms of this Order shall constitute contempt of court and be punishable as such, and shall subject the offending party or person to such additional and further remedies as may be available to the aggrieved party.

21. Notwithstanding any of the above, this Order is not meant to, and does not affect or supersede any obligation or existing right between the Parties with regard to access to, the production of, or retention of any Documents.

SO ORDERED:

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 8, 2013
Jefferson City, Missouri

The undersigned parties stipulate to the above order:

Dated: October 8, 2013

>Respectfully submitted,
>
>SPENCER FANE BRITT & BROWNE LLP
>
>/s/ Leslie A. Greathouse
>Leslie A. Greathouse    MO #48431
>J. Loyd Gattis    MO #59699
>Kersten Holzhueter    MO #62962
>1000 Walnut Street, Suite 1400
>Kansas City, Missouri 64106-2140
>(816) 474-8100
>(816) 474-3216 (facsimile)
>lgreathouse@spencerfane.com
>lgattis@spencerfane.com
>kholzhueter@spencerfane.com
>
>and
>
>Bernard J. Garbutt III, admitted pro hac vice
>MORGAN LEWIS & BOCKIUS LLP
>101 Park Avenue
>New York, New York 10178-0060
>(212) 309–6000
>(212) 309–6001(facsimile)
>bgarbutt@morganlewis.com
>
>*Attorneys for Deutsche Bank National Trust Company, solely in its capacity as trustee of Argent Securities Asset-Backed Pass-Through Certificates, Series 2006-W5*
>
>GREGORY LEYH, PC
>
>/s/ Gregory A. Leyh
>Gregory A. Leyh    MO #42283
>104 N.E. 72nd Street, Suite I
>Gladstone, Missouri 64118
>(816) 283-3380

(816) 283-0489 (facsimile)
gleyh@leyhlaw.com


John M. Klamann
KLAMANN & HUBBARD, PA
929 Walnut Street, Suite 800
Kansas City, Missouri 64106
(816) 421-2626
(816) 421-8686 (facsimile)
jklamann@klamannlaw.com

Kenneth B. McClain
HUMPHREY, FARRINGTON, & MCCLAIN, PC
221 West Lexington, Suite 400
P. O. Box 900
Independence, Missouri 64051
(816) 836-5050
(816) 836-8966 (facsimile)
kbm@hfmlegal.com

Susan Ford Robertson
Jonathan Z. Bickel
ROBERTSON LAW GROUP, LLC
1044 Main Street, Suite 500
Kansas City, Missouri 64105
(816) 221-7010
(816) 221-7015 (facsimile)
susanr@therobertsonlawgroup.com
zachb@therobertsonlawgroup.com

*Attorneys for Plaintiffs Ruth Bates & Michael Bates*

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. BATES, ) <br> RUTH A. BATES, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, AS TRUSTEE FOR ) <br> ARGENT SECURITIES, INC., ) <br> ) <br>     Defendant. ) | Case No. 4:12-cv-00318-NKL |

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby acknowledge that I have received a copy of the STIPULATION AND PROTECTIVE ORDER ("Order") that was entered in the above-referenced case, with respect to the manner in which Confidential Information disclosed or made available in the course of the above-referenced proceeding is to be treated by me.

I state that: (1) I understand that my execution of this Confidentiality Agreement is a prerequisite to my review of any Documents designated as confidential pursuant to the Order; (2) I have read and understand the Order and I hereby agree to abide by the Order; (3) I understand that my obligation to honor the terms of the Order will continue even after the Final Conclusion of this Litigation; (4) I will not disclose to others, except in accordance with the Order, any Documents designated as confidential, and I will use such Documents as are disclosed to me only in connection with the prosecution or defense of

14

WA 4575479.1

Case 4:12-cv-00318-NKL   Document 48   Filed 10/08/13   Page 14 of 15

the above-referenced proceeding; (5) upon the Final Conclusion of the above-referenced proceeding, I will destroy all Documents designated as confidential or return such documents to the person(s) from whom I received them; and (6) I consent to personal jurisdiction in the United States District Court for the Western District of Missouri, in the event that any Party or other person seeks to enforce any claim that I have failed to abide by the terms of the Order.

_____

State of Missouri  )
                     ) ss.
County of Jackson  )

    SUBSCRIBED and SWORN to before me this \_\_\_\_ day _____, 2013.

_____
Notary Public